**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

YEIMY ALEXADRA AMADOR                    CIVIL ACTION NO. 26-2357
MOLINA

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

CHRISTOPHER BULLOCK, ET AL.              MAGISTRATE JUDGE WHITEHURST

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order and Stay of Removal (Record Document 3) filed by Petitioner Yeimy Alexandra Amdor Molin ("Petitioner").

Petitioner, who is twenty-two years old, is a native of Columbia who is currently detained at the South Louisiana ICE Processing Center in Basile, Louisiana. See Record Document 4 at 1. She entered the United States on November 16, 2022 and was detained. See id. An Order of Removal was entered on November 16, 2022. See id. at 17. She was released on parole on or about December 27, 2022. See id. On February 3, 2025, the United States Citizenship and Immigration Services ("USCIS") approved her Special Immigrant Juvenile petition and granted her deferred action for four years, or until February 3, 2029, unless terminated by USCIS. See id. at 13. Petitioner alleges that USCIS has not terminated her deferred action. See id.

On June 9, 2026, Petitioner appeared for her credible fear interview with USCIS. See id. at 23. At the end of the interview, she was taken into custody. See id. at 3. While she alleges that she never learned of the decision, the USCIS asylum officer determined there was no credible fear of persecution and/or no credible fear of torture. See id. at 26. This finding is referred to as a "negative credible fear determination." Id. at 36. On June

30, 2026, an Immigration Judge affirmed "[t]he DHS credible fear determination." Id. at 37.

On July 6, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Record Document 1) along with the instant Motion.  In her Habeas Petition, Petitioner challenges the legality of her current detention and seeks immediate release from custody, or alternatively, an individualized bond hearing.  See Record Document 1 at 20.  She also seeks a bar against removal pending adjudication and a finding that her credible fear proceedings violated the Immigration and Nationality Act and the Fifth Amendment.  See id.  Likewise, in the instant Motion, Petitioner seeks substantially identical relief—namely, an order restraining Respondents from removal or transferring her pending adjudication of the habeas petition. See Record Document 3 at 2

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood her cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D.

Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, the relief requested in the instant Motion substantially mirrors the ultimate relief sought in the habeas petition (a determination that Petitioner's detention is unlawful and that she must be released). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025). Granting the requested relief at this stage would effectively resolve the central legal dispute presented in the habeas proceeding without the benefit of full briefing or a developed record. The Court declines to shortcut the habeas process through emergency injunctive relief.

Moreover, to the extent Petitioner seeks to enjoin Respondents from removing her from the United States, this Court lacks jurisdiction to grant such relief. Even if framed as seeking to preserve the status quo, a request for stay of removal is a challenge to a removal order.  See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order).  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g)

(internal quotations omitted).  Thus, this Court is without jurisdiction to grant Petitioner's request for stay of removal.  See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Finally, Petitioner also seeks to prohibit her transfer.  "Mere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner has not demonstrated that such relief is necessary to preserve this Court's ability to adjudicate the habeas petition. Further, the Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Stay of Removal (Record Document 3) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of July, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT

4