**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **YEIMY ALEXANDRA AMADOR MOLINA #A243-160-427** | **CIVIL ACTION 6:26-CV-02357 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **CHRISTOPHER BULLOCK ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by pro se Petitioner Yeimy Alexandra Amador-Molina ("Amador-Molina"). At the time of filing, Amador-Molina was an immigration detainee at South Louisiana ICE Processing Center in Basile, Louisiana.

Because Amador-Molina is no longer detained, the Petition (Doc. 1) should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I. Background

Amador-Molina is a native and citizen of Colombia. According to the online detainee locator service, Amador-Molina is no longer detained.[1] Court staff verified the online information—Amador-Molina has been released from detention.

[1] https://locator.ice.gov/odls/#/results

## II. **Law and Analysis**

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Amador-Molina has received the relief sought in the Petition. Therefore, the case is moot.

## III. **Conclusion**

Because the case is moot, IT IS RECOMMENDED that the Petition (Doc. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 7th day of August, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE